Document Electronically Filed

Ronald J. Levine, Esq.
rlevine@herrick.com
David R. King, Esq.
dking@herrick.com
HERRICK, FEINSTEIN LLP
One Gateway Center
Newark, New Jersey 07102
Telephone: (973) 274-2000
Facsimile: (973) 274-2500
*Attorneys for Defendants,*
*Welch Foods, Inc. A Cooperative and*
*The Promotion In Motion Companies, Inc.*

# IN THE UNITED STATES DISTRICT COURT
## FOR DISTRICT OF NEW JERSEY

| | |
|---|---|
| LAUREN HALL, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WELCH FOODS, INC., A COOPERATIVE and THE PROMOTION IN MOTION COMPANIES, INC.,<br><br>Defendants. | Civil Action No.  18-CV-10500-AET(LHG)<br><br>**DECLARATION OF DAVID R. KING IN SUPPORT OF THE ADMISSION OF COUNSEL *PRO HAC VICE*** |

DAVID R. KING, hereby declares pursuant to 28 U.S.C. § 1746:

1. I am a partner with the law firm of Herrick, Feinstein LLP, which has been retained to represent Defendants Welch Foods, Inc. A Cooperative and The Promotion In Motion Companies, Inc., ("Defendants") in connection with this litigation. I submit this Declaration in support of the application to admit *pro hac vice* Daniel S. Silverman, Matthew M. Gurvitz, and Elise Gabriel of the law firm of Venable LLP of Los Angeles, California and New York, New York pursuant to Local Civil Rule 101.1(c). Prior to filing this motion, on June 20, 2018, I requested in writing, on behalf of Defendants, that Plaintiff's counsel consent to the *pro hac vice*

admission of Mr. Silverman, Mr. Gurvitz, and Ms. Gabriel. Much to Defendants' surprise, Plaintiff's counsel declined to consent, despite not disputing the excellent reputations and pristine ethical histories of Messrs. Silverman and Gurvitz and Ms. Gabriel. As Plaintiff is well aware, Defendants' counsel at Venable LLP have been lead counsel representing Defendants in this action for several years while it was pending in the Eastern District of New York, in which court the Venable attorneys were admitted *pro hac vice*.[1] As such, they have extensive knowledge of all the issue in this action. Not wanting to burden the Court with motion practice, on June 20, 2018, I followed up with Plaintiff's counsel and requested that they reconsider their denial of consent for admission of counsel *pro hac vice*. A true and correct copy of my email exchange with Plaintiff's counsel is annexed as **Exhibit A**. Plaintiff's counsel did not respond to my follow up email. As a result, Defendants are left with no choice but to proceed with this typically routine, consented to application by notice of motion.

2. I am a member in good standing of the Bar of this Court. I shall abide by all applicable Rules of Court and all disciplinary rules, in the course of my representation of Defendants in this action. I understand my obligations pursuant to Local Civil Rule 101.1(c).

3. I have agreed to serve as counsel of record in this matter on behalf of Defendants to be held responsible for Mr. Silverman, Mr. Gurvitz, and Ms. Gabriel. To my knowledge and belief, they are not under any suspension nor has any of them ever been suspended or disbarred by any Court.

4. As set forth in their accompanying Declarations, Mr. Silverman was admitted to the Bar of the State California, and is in good standing, Mr. Gurvitz was admitted to the Bar of

---

[1] Ms. Gabriel is admitted to the Bar of the State of New York, so she did not have to be admitted *pro hac vice* in the Eastern District of New York. Messrs. Silverman and Gurvitz, however, were admitted *pro hac vice*.

the State California, and is in good standing, and Ms. Gabriel was admitted to the Bar of the State New York, and is in good standing.

5. Defendants have requested that Mr. Silverman, Mr. Gurvitz, and Ms. Gabriel represent them in this case as they have been lead counsel for Defendants for several years while the action was pending in the Eastern District of New York and have extensive knowledge of all the issues in this action.  Further, as they have attested, Defendants have retained them for their experience, knowledge and expertise in false advertising class action litigation.  As such, Defendants will be severely prejudiced if they are not able to have their counsel of choice admitted *pro hac vice* to represent them in this action now that it is pending in this Court.

6. I will receive and promptly notify Mr. Silverman, Mr. Gurvitz, and Ms. Gabriel of all orders, pleadings and notices served upon this office in connection with this case.  All pleadings, briefs and other papers filed with the Court on behalf of Defendants will be signed by me or another member of the Bar of this Court associated with Herrick, Feinstein, LLP.

7. Upon their admission, I will see to it that each makes a $150 payment payable to the Clerk of the Court as required by Local Civil Rule 101.1(c)(3).

8. Upon their admission, I will see to it that each complies with the annual payment requirements of New Jersey State Court Rule 1:28-2 with respect to the New Jersey Lawyers' Fund for Client Protection.

9. Mr. Silverman, Mr. Gurvitz, and Ms. Gabriel have agreed to comply with all applicable rules governing practice before this Court.  We will advise this Court immediately upon any change in their standing at the bar of any other court.

10. For the foregoing reasons, I respectfully request that this Court enter the accompanying Order admitting Daniel S. Silverman, Matthew M. Gurvitz, and Elise Gabriel *pro hac vice*.

11. I declare under penalty of perjury, that the foregoing is true and correct. Executed at Newark, New Jersey, this 29th day of June, 2018.

                                                HERRICK, FEINSTEIN LLP

*Attorneys for Defendants,*
*Welch Foods, Inc. A Cooperative and*
*The Promotion In Motion Companies, Inc.*

By: *s/ David R. King*
David R. King, Esq.
dking@herrick.com