# EXHIBIT F



David R. King
Partner
Phone: 973.274.2002
Fax: 973.274.6407
dking@herrick.com

March 22, 2018

**BY ELECTRONIC FILING**

Hon. Margo K. Brodie, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    **Lauren Hall v. Welch Foods, Inc., et al.**
             **Civil Action No. 17-cv-05828-MKB-VMS**

Your Honor:

        Defendants Welch Foods Inc., a Cooperative ("Welch's) and The Promotion In Motion Companies, Inc. ("PIM"), by their attorneys, Herrick, Feinstein LLP and Venable LLP, respectfully submit this letter motion[1] requesting the return of the above-referenced New Jersey class action ("Hall Action") to its original venue, the District of New Jersey.

        This case was filed in New Jersey in April 2017. At that time, the action was subsumed by a putative nationwide class action then pending in the Eastern District of New York, *Atik v. Welch Foods Inc. et al*, Case No. 15-cv-5405 (E.D.N.Y. 2015) ("Atik Action"), involving virtually identical claims concerning the exact same products, with the representative plaintiffs in both actions represented by the same counsel. The New Jersey filing was textbook forum shopping. Defendants moved the New Jersey court to transfer the case to the Eastern District of New York under the Third Circuit's first-filed rule and pursuant to 28 U.S.C. § 1404(a). Over Plaintiff's opposition, the Honorable Anne E. Thompson of the District of New Jersey transferred the case:

> In light of the Third Circuit's first-to-file rule and the pendency of substantially similar litigation in the EDNY, the Court is persuaded that this action should be transferred…the nature of the claims and issues, the relief sought, the products in question, and the defendants all substantially overlap. Moreover, the putative nationwide class in the New York action encompasses the putative New Jersey class. The New York action was filed first (in September 2015), and will continue regardless of whatever this Court decides…. Plaintiff cannot maintain essentially the same litigation in two separate district courts, creating unnecessary

---

[1] Pursuant to Judge Scanlon's order of March 15, 2018, Defendants submit this motion as a letter motion. Doc. No. 43.



Hon. Margo K. Brodie, U.S.D.J.
March 22, 2018
Page 2

> burdens on the courts and risking the inefficiency and
> embarrassment of conflicting judgments. This action shall be
> transferred to the EDNY.

King Decl.[2], Ex. A at pp. 10-11 (Opinion dated 10/5/17). On December 15, 2017, the Hall Action and the Atik Action were formally consolidated.

Unanticipated post-transfer events have substantially changed the circumstances and have frustrated the original purpose of the transfer. Specifically, on December 19, 2017, the second of the two plaintiffs in the Atik Action voluntarily dismissed her claims, and the Atik Action was closed by the Court.[3] Atik Action Doc. No. 68. The Hall Action had been transferred to this Court because the facts underlying the claims were virtually identical to those in the first-filed Atik Action, and substantial discovery had in fact already been completed in the Atik Action. As Judge Thompson properly recognized, proceeding with similar litigation in two separate district courts would have created unnecessary burdens on the courts and risked the inefficiency and embarrassment of conflicting judgments. With the unforeseen dismissal of the Atik Action, the reasons for transfer -- avoidance of inconsistent results and the avoidance of judicial inefficiencies from two cases proceeding in two courts -- no longer exist. In view of these changed circumstances, the Hall Action should be retransferred to its original venue in the District of New Jersey pursuant to 28 U.S.C. § 1404(a).

## BACKGROUND

On April 5, 2017, plaintiff Lauren Hall, purportedly on behalf of herself and all others similarly situated, filed a Complaint against Defendants initiating the instant action, *Hall v. Welch Foods, Inc. et al*, in New Jersey state court. Defendants timely removed the case to the District Court on June 5, 2017 and immediately moved to transfer the Hall Action to the Eastern District of New York, because the Hall Action complaint was essentially a verbatim copy of the Atik Action complaint. That motion was granted on October 5, 2017.

Hall alleges that she relied on alleged misrepresentations Defendants made on their fruit snack product packaging that misled her to believe the products are healthy and nutritious. Based on the alleged misrepresentations, Plaintiff asserts claims under New Jersey's Consumer Fraud Act, N.J.S.A. § 56:8-1 *et seq*., New Jersey's Truth-in-Consumer Contract, Warranty and Notice Act, N.J.S.A. §56:12-15 *et seq*., and for breach of express warranty, breach of implied warranty of merchantability, common law fraud, unjust enrichment, and injunctive and declaratory relief. King Decl., Ex. B. (Am. Compl. at pp. 20-26).

---

[2] "King Decl." shall refer to the Declaration of David R. King, dated March 22, 2018 and submitted herewith.
[3] Winnie Lau, the other Plaintiff in the Atik Action, voluntarily dismissed her claims in November (again, after the transfer).



Hon. Margo K. Brodie, U.S.D.J.
March 22, 2018
Page 3

Shortly after transfer, on October 23, 2017, Judge Scanlon held a hearing and status conference. At that hearing, Plaintiffs' counsel in both the Atik Action and Hall Action, Kim Richman, first advised the Court that the California plaintiff in the Atik Action, Winnie Lau, wished to withdraw from the case, which she did on November 3, 2017. Mr. Richman further represented that Ms. Atik was also considering withdrawal. King Decl., Ex. C (Tr. 3:22-4:4). Upon learning that Atik Action might be discontinued, the Court asked whether Plaintiff Hall would seek to retransfer the case to New Jersey. Tr. 43:23-44:4. Hall's counsel responded that Ms. Hall would likely do so:

> MR. BAUCHNER: You know, your Honor, I would imagine we would probably move -- if Ms. Atik is intimated [sic] away because of her ex-husband, custody or whatever issues and there's no pending action here, and **we probably would seek to be transferred back to New Jersey** --

> THE COURT: I'm just reading -- right.

> MR. BAUCHNER: -- **because there's no longer a basis to be here**. **All the plaintiffs are in New Jersey, the documents are in New Jersey, the primary defendants are in New Jersey, Promotion in Motion**. I'm, frankly, in New Jersey. I mean, you know, I don't mind coming here again, probably go get some pizza afterwards at Grimaldi's, but other than that, not a good reason to be in Brooklyn. **So, yeah, I imagine if Ms. Atik is running and hiding, we're going to make an application to get it transferred right back** before we even --

> THE COURT: Do anything here.

King Decl., Ex. C (Tr. 44:5-23) (emphasis added). Plaintiff's counsel later explained:

> [I]f Ms. Atik runs away now, too, everything we've done here today is a waste of time, with all due respect…**because we're going to be back in New Jersey** dealing with Judge Thompson and her magistrate, you know, from the beginning -

*Id.* at 58:17-23 (emphasis added).

On December 19, 2017, Plaintiff Atik dismissed her case, and the Atik Action was closed. On January 2, 2018, at the instruction of Judge Scanlon, the parties submitted a joint status letter, in which the parties agreed that discovery in the Hall Action should be deemed closed based on the close of fact discovery in Atik[4], with the exception of a dispute over whether

---

[4] The fact discovery cutoff in the Atik Action was October 25, 2017, and Plaintiffs' expert reports were due that day as well.



Hon. Margo K. Brodie, U.S.D.J.
March 22, 2018
Page 4

the Defendants could take limited discovery, including a deposition, from Ms. Hall. (Doc. No. 34). This agreement -- that there would not be additional discovery by Plaintiff in the Hall Action if the case remained in New York -- was the reason why Defendants did not immediately raise the issue of retransfer.

At the first post-Atik dismissal conference on January 23, 2018, however, despite the parties agreeing in their January 2 joint letter not to reopen fact or expert discovery, Plaintiff requested, and the Court agreed, to reopen fact discovery beyond discovery from the new party, setting May 30, 2018 as the new fact discovery deadline. The Court also extended expert discovery, giving Plaintiff until April 30, 2018, to identify new experts and until May 31, 2018 to produce new expert reports. Defendants objected to reopening fact and expert discovery and advised that they would consider seeking to transfer the case back to New Jersey: "If the plaintiffs intend to fully reopen discovery to depose a lot of witnesses we may take Your Honor up on the suggestion that perhaps there should be a motion to transfer." King Decl., Ex. D at 27:7-10. Judge Scanlon advised that "You have about two months to work that out with them" and "Next time you're here I would like to know if you're staying here or trying to go somewhere else." *Id.* at 27:18-19; 21-23. Another status conference was scheduled for March 15, 2018.

Following Judge Scanlon's repeated instruction at the January 23 status conference that the parties meet and confer about the scope of discovery Plaintiff intended to conduct, Defendants immediately asked about the scope of that discovery by email on January 25. Plaintiff's counsel responded that they would review what had previously been propounded and would then be willing to discuss any new inquiries. King Decl., Ex. E (January 25 and 26, 2018 email exchange). Defendants served written discovery on January 31, 2018; responses were due on March 2, 2018 but were untimely served on March 8.[5] On February 14, 2018, Plaintiff Hall served Requests for Production and Interrogatories on the Defendants, and Defendants timely served responses on March 16.

On February 26, 2018, Defendants again emailed Plaintiff's counsel to ask about the scope of discovery so it could make an informed decision about retransfer before the March 15 conference. Plaintiff's counsel refused to answer: "the discovery end date in this matter is not until May 30, 2018, and we are under no obligation to limit fact discovery in advance of that deadline or to share with you our litigation strategy . . . Notably, the Court imposed no obligation on Plaintiff to detail our intentions regarding ongoing fact discovery and we see no reason to submit to your arbitrary deadline or demand." *See* King Decl., Ex. F (February 26, 2018 email

---

[5] The responses were laden with objections and provided almost no substantive answers; Judge Scanlon reviewed the responses during the March 15 conference and instructed Plaintiff's counsel to serve new, responsive answers, which are now due on March 22.



Hon. Margo K. Brodie, U.S.D.J.
March 22, 2018
Page 5

exchange). Defendants thus concluded that there will likely be no efficiencies gained from keeping this New Jersey case in New York. Therefore, at the March 15 status conference, Defendants advised Judge Scanlon that they sought to transfer the case back to New Jersey.

Although Plaintiff's counsel represented to the Court in October 2017 that they would seek to have the Hall Action transferred back to New Jersey if the Atik Action was discontinued, they have now done an about-face. Plaintiff now claims that because significant discovery has taken place in the last four months the case should remain in New York. Plaintiff is incorrect. Only limited fact discovery has taken place in the Hall Action – one deposition and limited written discovery – along with expert discovery. Regardless, the continuation of does not and should not impede transfer back to New Jersey, Plaintiff and Defendant PIM's home state and the original venue of choice. All of the discovery that has been exchanged to date, and all the expert disclosures and depositions can and will be used in the Hall Action whether proceeding in New York or New Jersey. Further, no delay will result from a transfer back to New Jersey. This Court has issued a quick briefing schedule for this application, discovery continues during the pendency of this motion, and Defendants continue to have an interest in an expeditious resolution of this matter. To the extent the case has been delayed by the transfer to New York, such delay is attributable to the conduct of Plaintiffs in the Atik Action, who unexpectedly dismissed their case -- not to Defendants. Had Plaintiffs advised the New Jersey Court that they would dismiss their New York case, transfer would likely not have occurred in the first place.

This case was transferred because there was a nearly identical case underway in the District, and judicial economy would be served by having the cases venued in the same district. With the Atik Action dismissed, this putative class action featuring a New Jersey class advancing New Jersey claims should be retransferred to New Jersey, the home state of Plaintiff and defendant PIM. Given the Atik dismissal, a New Jersey court has the greatest interest in adjudicating the Hall Action. No one -- not the New Jersey Plaintiff, nor the New Jersey Defendant, nor the Court itself -- has anything to be gained by proceeding with this New Jersey class action in New York. Indeed, Plaintiff's counsel made this precise point at the October 23, 2017 status conference.

## ARGUMENT

A court may transfer an action "to any other district where it might have been brought" "[f]or the convenience of parties and witnesses, [and] in the interest of justice." 28 U.S.C. § 1404(a). The purpose of section 1404(a) "is to prevent the waste of 'time, energy and money' and to 'protect litigants, witnesses and the public against unnecessary inconvenience and expenses….'" *Ricoh Co., Ltd. v. Honeywell, Inc.*, 817 F. Supp. 473, 479 (D.N.J. 1993) (*quoting Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)).



Hon. Margo K. Brodie, U.S.D.J.
March 22, 2018
Page 6

"[T]he fact that an action has been transferred once does not preclude the transferee court from entertaining a subsequent motion to transfer." *Techshell, Inc. v. Incase Designs Corp.*, No. 11-cv-04576-YGR, 2012 WL 692295, at *4 (N.D. Cal. Mar. 2, 2012) (internal quotation marks omitted). The standard for retransfer has been enunciated in *In re Cragar Indus., Inc.*, 706 F.2d 503, 505 (5th Cir. 1983), which standard has been adopted by courts throughout the country:

> If a motion to transfer is granted and the case is transferred to another district, the transferee-district court should accept the ruling on the transfer as the law of the case and should not retransfer except under the most impelling and unusual circumstances or if the transfer is manifestly erroneous.

Impelling and unusual circumstances arise when "unanticipatable post-transfer events frustrate the original purposes of the transfer." *Id.* at 505. *See also Koehring Co. v. Hyde Constr. Co.,* 382 U.S. 362, 365, 86 S.Ct. 522, 15 L.Ed.2d 416 (1966) (noting the right of litigants "to apply ... to have [their] case transferred back to [its original forum] because of changed conditions") (footnote omitted); *see also* 15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Fed. Prac. & Proc. Juris.3d § 3846 (2006) (stating that "[a] motion to retransfer is perfectly appropriate ... upon a showing of changed circumstances"); *Union Tank Leasehold Bldg. Co. v. DuPont Glore Forgan,* 494 F.Supp. 514 (S.D.N.Y.1980) (retransfer was appropriate where transfer was erroneous or where circumstances have changed). Indeed, courts have found that when an action had been transferred so that it could be consolidated with another action pending in the transferee court, but consolidation was not in fact accomplished, such a result frustrates the purpose of the transfer and creates an unexpected change of circumstances warranting retransfer. *See Russell v. IU Intern. Corp.*, 685 F. Supp. 172, 175 (N.D. Ill. 1988); *Hicks v. T.L. Cannon Management Corp.*, 2013 WL 4508440 (N.D.N.Y. Aug. 23, 2013) (retransfer to original venue warranted when the "primary factor driving the original transfer decision no longer exists"); *Dewan v. M-I, L.L.C.*, 2015 WL 3797462 (E.D. Cal. June 18, 2015) (retransferring to original jurisdiction when the "potential for judicial efficiency that was originally intended in transferring" was frustrated because the intended consolidation did not occur); *Scarborough v. National Ass'n of Sur. Bond Producers*, 474 F.Supp.2d 64 (D.D.C. 2007) ("the Court agrees with the plaintiffs that the circumstances surrounding the transfer of this case from the Middle District of Florida have changed and, because consolidation for trial was the linchpin upon which transfer was apparently predicated, that 'the current circumstances no longer warrant having this action before [this Court]'").

Transfer of this case to the District of New Jersey is appropriate because the original purpose of the transfer to the Eastern District was to allow the Hall Action to proceed in the jurisdiction where the first-filed Atik Action was well underway. As a result of the already pending Atik Action, the factors evaluated for transfer of venue, including convenience of parties and witnesses, and the "interest of justice," were easily satisfied. *See CIBC World Mkts., Inc. v.*



Hon. Margo K. Brodie, U.S.D.J.
March 22, 2018
Page 7

*Deutsche Bank Sec., Inc.*, 309 F. Supp. 2d 637, 643 (D.N.J. 2004) (identifying these two factors for transfer of venue). However, these factors, which were the linchpin of Judge Thompson's decision to transfer the action, have been eviscerated by the unanticipated voluntarily dismissal of the Atik Action. *See HAB Carriers, Inc. v. Arrow Truck Sales, Inc.*, 2009 WL 2589108, at *1 (D.N.J. Aug. 21, 2009) (dismissal of a party is an unforeseeable post-transfer event).

While there were good and valid reasons for transferring the Hall Action to the Eastern District when a first-filed nearly identical case was already well into discovery, the dismissal of the Atik Action has frustrated the purpose of the transfer. Accordingly, this case should be retransferred to the District of New Jersey.

## CONCLUSION

For the reasons explained above, Defendants respectfully request that the Court transfer this case to the United States District Court for the District of New Jersey. Doing so would promote the interests of justice and the convenience of the courts and the parties under 28 U.S.C. § 1404(a).

Respectfully submitted,

/s/ *David R. King*

David R. King

cc:    Joshua S. Bauchner, Esq. (via ECF and e-mail)
        Kim E. Richman, Esq. (via ECF and e-mail)
        Daniel S. Silverman, Esq. (via ECF and e-mail)
        Matthew W. Gurvitz, Esq. (via ECF and e-mail)